UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO:

GLORIA PINKNEY SPENCER,

Plaintiff,

v.

LIFESPACE COMMUNITIES, INC., a Foreign
Not for Profit Corporation,

Defendant.

______________________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, GLORIA PINKNEY SPENCER ("Plaintiff") by and through undersigned counsel, files this Complaint against Defendant, LIFESPACE COMMUNITIES, INC. ("LC" or "Defendant"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

**PARTIES**

2. Plaintiff was a non-exempt hourly paid employee who performed scheduling, front desk, and other clerical activities for Defendant at its Harbours' Edge facility in Palm Beach County, Florida.

3. Defendant, a foreign not for profit corporation, runs retirement home facilities in, among others, Palm Beach County, Florida.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

7. At all times during the last three (3) years, Defendant was an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

9. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, and medical supplies.

10. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business, without, among others, hourly paid employees like Plaintiff.

## FACTUAL ALLEGATIONS

11. Defendant operates and/or operated a retirement facility in Delray, Florida, called Harbours' Edge.

12. Plaintiff worked for Defendant during the relevant limitations period and was an hourly paid employee at the rate of $18.33 per hour.

13. Plaintiff regularly worked a forty (40) hour workweek for which she was compensated, but also was required to answer phones and assist with scheduling "off the clock" between 5-10 hours a week depending on the demand.

14. Plaintiff notified her management and Defendant's administration that she was being forced to work "off the clock" and wasn't being compensated for same at all, but Defendant failed to remedy this violation of the FLSA.

15. Because Plaintiff's "off the clock" hours exceeded her scheduled forty (40) hours per week, Plaintiff was entitled to be paid time and one half her regular hourly rate of $18.33 for a total of $27.50 per overtime hour per week.

16. By taking an average of 7.5 hours of "off the clock" unpaid overtime worked during the final 156 weeks of Plaintiff's employment, she estimates her overtime damages owed to be as follows: $27.50 X 7.5 overtime hours per week X 156 weeks = $32,169.15 (unliquidated), and $64,338.30 (liquidated).

17. During all times relevant, Defendant was required to pay Plaintiff overtime wages for all hours worked over forty (40) per week, including her "off the clock" hours.

18. Plaintiff regularly worked in excess of forty (40) hours per workweek but was not paid time and one half for same.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

22. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

23. Plaintiff is not an exempt employee as defined by the FLSA.

24. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

27. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

28. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for all hours worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 21st day of November 2016.

Respectfully Submitted,

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
Richard@floridaovertimelawyer.com

**By:**____________________________
Richard Celler, Esq.
Florida Bar No.: 017330

*Attorney for Plaintiffs*